IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM A. MARKS,<br>   Plaintiff, | )<br>)<br>) |
|    vs | ) Civil Action No. 08-326<br>) |
| PAUL NOVAK, Director of Vermont<br>Service Center, and UNITED STATES<br>CITIZENSHIP AND IMMIGRATION<br>SERVICES,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

I. <u>Recommendation</u>:

It is respectfully recommended that the above-captioned case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

II. <u>Report</u>:

On March 5, 2008, plaintiff Adam A. Marks, formerly known as Mohammed Tayab Elgergawi, filed a complaint against defendants Paul Novak, the Director of the Vermont Service Center, and United States Citizenship and Immigration Services ("USCIS"). The plaintiff contends that he is a 37 year old citizen of Ireland who was born in Egypt; that he is a lawful permanent resident of the United States, and USCIS issued him an alien registration receipt card ("green card") in his former name, which is valid through March 3, 2010; that on or about September 10, 2004, he obtained a court order from the Court of Common Pleas of Allegheny County, PA, which legally changed his name to Adam Anthony Marks; that on or about December 10, 2004, he filed an application to change his former name on his green card to his correct legal name which was received by USCIS; that he has made repeated attempts to learn

the status of the matter, which has been pending for over 3½ years, to no avail; and that due to the defendants' failure to issue him a green card in his correct name, he has been refused employment opportunities and has difficulty traveling within and outside the United States due to the discrepancy between his green card and other forms of identification. The plaintiff seeks a declaratory judgment that the defendants' complained-of acts are arbitrary and capricious and an Order compelling them to immediately issue him a green card in his correct name.

The record shows that the complaint has not been served on the defendants, and more than 120 days have passed since the filing of the complaint. Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant...

Here, the plaintiff has failed to make timely service of the summons and complaint upon the defendants. Therefore, it is recommended that this case be dismissed without prejudice pursuant to F.R.Civ.P. 4(m).

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ ROBERT C. MITCHELL
United States Magistrate Judge

Dated: July 11, 2008